**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicklaus Companies LLC, | No. CV-18-01748-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Bryan Hepler Golf LLC, | |
| Defendant. | |

Plaintiff Nicklaus Companies, LLC, alleges Defendant Bryan Hepler Golf, LLC, d/b/a Tathata Golf, used Plaintiff's trademarks along with photographs and depictions of Jack Nicklaus on Defendant's website and in videos Defendant posted to social media sites. Defendant did not have permission to do so, prompting Plaintiff to file the present suit. The complaint contains six claims for relief: copyright infringement, "violation of right of publicity," "false endorsement under § 43(a) of the Lanham Act," federal trademark infringement, federal unfair competition, and state unfair competition. (Doc. 1).

After filing the complaint Plaintiff attempted to serve Defendant's statutory agent but was informed Defendant was no longer located at the address listed in the relevant records. Plaintiff then completed service of process pursuant to A.R.S. § 29-606(B) which allows for service of process on the Arizona Corporation Commission when a "limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission." That service was completed on July 18, 2018. (Doc. 9-1 at 2). Defendant did not respond to the complaint. On October 16, 2018, the Clerk of Court

entered Defendant's default. Plaintiff now seeks entry of default judgment.

Having reviewed the complaint and the motion for default judgment, the relevant factors support entry of default judgment. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (listing factors for court to assess when entering default judgment). In brief, Plaintiff will suffer prejudice if default is not entered because it has no other avenue for relief, Plaintiff's complaint states meritorious claims for relief, there is no indication of factual disputes regarding the material facts, and there is no indication Defendant's failure to appear is the result of excusable neglect. *Id.* The preference for resolving cases on their merits and the amount of money at stake do not outweigh these other considerations.

Plaintiff seeks an award of $150,000 in statutory damages. Defendant's failure to respond to the complaint means it is impossible for Plaintiff to prove actual damages. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) ("[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."). In addition, Defendant's actions were willful. In such circumstances, and in light of the valuable intellectual property rights at issue, $150,000 is an appropriate award.

Finally, Plaintiff seeks entry of a permanent injunction. To obtain an injunction, Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Defendant continued its infringing activity after Plaintiff sent a demand letter to Defendant outlining the acts of infringement. That establishes Defendant does not respect Plaintiff's intellectual property rights and there is no guarantee Defendant will not continue its infringing acts. Continued infringement would cause Plaintiff irreparable injury that could not be fully compensated by monetary damages. The balance of hardships favor Plaintiff

and the public interest is not disserved by prohibiting Defendant from engaging in conduct contrary to law. Therefore, the Court will enter a permanent injunction. *Cf. MGA Entm't, Inc. v. Alltony_Stock*, No. CV 17-08878-RGK-MRW, 2018 WL 1942140, at *4 (C.D. Cal. Apr. 17, 2018) ("Permanent injunctions are routinely granted in cases where, like the instant case, a defendant has not appeared in the action at all.").

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $150,000.

**IT IS FURTHER ORDERED** any third party internet service provider, website hosting provider, social media platform, or other entity, that facilitates the publication or display of content that constitutes a violation of paragraph 1 of this Order, who is served with this Order, shall immediately disable access to and remove from public view, the prohibited content.

**IT IS FURTHER ORDERED** Nicklaus Cos. is awarded pre- and post-judgment interest at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this Order.

**IT IS FURTHER ORDERED** Defendant is permanently enjoined as follows:

1. Tathata and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons acting in concert, privity or participation with it who receive actual notice of this order by personal service or otherwise, are permanently enjoined from doing, abiding, causing or abetting any of the following:

    a. Directly or indirectly using in any advertising or promotion for, or in connection with, Tathata's products or services (i) the marks NICKLAUS and JACK NICKLAUS, any registered mark owned by Nicklaus Cos., or any confusingly similar marks, term, or designations (collectively, the "NICKLAUS Marks"), or (ii) Jack Nicklaus's name, likeness, or image;

    b. Directly or indirectly indicating or implying endorsement of Tathata or Tathata's products or services by Jack Nicklaus or Nicklaus Cos.;

    c. Otherwise infringing upon the NICKLAUS Marks, violating Nicklaus Cos.' publicity rights, or otherwise competing unfairly with Nicklaus Cos.; or

    d. Reproducing, preparing derivative works, distributing to the public copies of, and/or publicly displaying, without permission from Nicklaus Cos., the Golf My Way work registered with the United States Copyright Office under Registration No. PA0000186347 (the "Registered Work"), or any portion thereof, or otherwise violating any registered copyright owned by Nicklaus Cos.

Dated this 15th day of March, 2019.

_____
Honorable Roslyn O. Silver
Senior United States District Judge